JOSEPH L. RAGAN, Respondent, v. COMMISSION FOR THE BLIND, Appellant.*

Kansas City Court of Appeals. May 4, 1925.

1. **PAUPERS: Under Blind Pension Act no Appeal is Authorized from Order of Probate Court Refusing to Certify that Applicant Comes Within Provisions of Act.** Under sections 4 and 9, Laws 1923, known as the Blind Pension Act, no appeal to the circuit court lies from an order of the probate court refusing to certify that applicant comes within provisions of the act.

2. ————: **Fact That When Application is Made to Probate Judge, Blind Commission Sends Instructions for Examination, Does Not Take from Commission Power of Jurisdiction to Consider Merits of Application after Probate Judge Has Acted.** The mere fact that when application is made to probate court instead of to blind commission, the latter sends instructions as to how the examination shall be made and perhaps also sends an oculist, does not take from commission the power of jurisdiction to consider merits of application after probate judge has acted.

3. **APPEAL AND ERROR: Though Circuit Court Had no Jurisdiction of Appeal from Probate Judge, an Appeal from Judgment of Cir-**

cuit Court Lies to Appellate Court. Although there was no author-
ity for an appeal from probate judge to circuit court and latter ob-
tained no jurisdiction, the present appeal from the judgment of the
circuit court to appellate court lies under section 1469, Revised Stat-
utes 1919, and gives appellate court jurisdiction to review the valid-
ity of circuit court's ruling.

*Corpus Juris-Cyc. References; Appeal and Error, 3 CJ., p. 368, n.
26. Paupers, 30 Cyc., p. 1141, n. 75, 81.

Appeal from the Circuit Court of Harrison County.—
*Hon. L. B. Woods*, Judge.

REVERSED.

*C. C. Ross* for respondent.

*Barlow & Kautz* for appellant.

TRIMBLE, P. J.—This is an appeal on the part of
the "Missouri Commission for the Blind" from a judg-
ment or order of the circuit court of Harrison county,
Missouri, certifying to the State Auditor and to the said
Commission for the Blind that Joseph L. Ragan is en-
titled to be placed on the "Blind Pension Roll" of the
State, as provided by the Act of the General Assembly
of the State of Missouri, approved April 2, 1923, Laws
1923, pp. 302-308, known as the new "Blind Pension Act."

It seems that at some time, not shown when, Joseph
L. Ragan made application to the probate court of Har-
rison county for a certificate to the Commission for the
Blind that he was a deserving blind person within the
provisions of said Blind Pension Act and entitled to be
placed on the "Blind Pension Roll;" and that said pro-
bate court heard the application and the evidence in sup-
port thereof, but entered an order that his name, among
others, "be not certified to the Missouri Commission for
the Blind."

At the August Adjourned term, 1923, Ragan filed
an affidavit for appeal from said order of the probate

court to the circuit court of Harrison county, and at the November term, 1923, said appeal was allowed to said circuit court.

The transcript of the record of appeal was filed in the circuit court on November 22, 1923, and the matter was heard at the January term, 1924. Prior to the hearing, and on January 21, 1924, the Commission for the Blind, appearing solely for the purposes of its motion, moved to dismiss the appeal because no method of appeal such as was here made is provided for by law and the circuit court was without jurisdiction to hear the same. This was overruled, the Commission objecting and saving its exceptions.

Thereafter the circuit court heard the matter and found that "applicant is entitled to a pension as provided" by said Act, and certified that "said Joseph L. Ragan is entitled to be placed upon the Blind Pension Roll of the State," and directed the clerk to forward a copy of the Certificate to the State Auditor and another copy to the Commission for the Blind. As stated, the latter has appealed.

No contention arises over whether said Ragan possesses the qualifications and comes within the terms required by sections 1, 2 and 3 of said Act (Laws 1923, pp. 303-4) defining who are blind persons entitled to receive pensions or to whom such may be given.

Appellant's first contention is that there is no appeal provided for by law in a case of this kind from the probate court to the circuit court, but that the only appeal provided is one from the *action of the Commission* in rejecting his application for enrollment on the Blind Pension Roll.

Section 4 of said Blind Pension Act (Laws 1923, p. 304) provides that:

"Any person who desires the benefits of this Act shall apply to the judge of the probate court within his or her county or city *or* to the Commission for the Blind, who, if satisfied that the applicant comes within the

provisions of this act, shall grant to the applicant a certificate of such fact and the certificates granted by the probate judges *shall be certified to the Missouri Commission for the Blind . . . which shall consider the merits of such application* and if approved by the Commission, it shall certify the same to the State Auditor," etc. (Italics ours.) And section 8 of said Act requires the last-named officer to place such names on the "Blind Pension Roll."

Section 9 of said Act (Laws 1923, p. 306) provides that:

"Any person claiming the benefits of this Act who is *aggrieved by the action of the Commission* for the Blind *may appeal from its decision* to the circuit court or any judge thereof within ninety days from the date the Commission is notified of such grievance, and such court or judge shall proceed in a summary manner to hear and determine the matter on appeal according to law, having first duly notified the Commission of such hearing. If on appeal such court or judge shall award a certificate entitling applicant to be placed upon the Blind Pension Roll, a memorandum of such action shall be entered upon the proper records of said court and one copy thereof forwarded direct to the State Auditor and one to the Commission for the Blind." (Italics ours.)

It will be observed that under section 4, a person deserving to be placed on the Blind Pension Roll may make application to either the probate judge (not the probate court) of his or her county *or* to the Commission for the Blind for a certificate. But the probate judge does not pass on the merits of the application. He only certifies to the Commission whether the applicant comes within the provisions of the Act, and it is the *Commission* that "shall consider the merits of such application" and if the Commission approves it, the applicant's name goes on the pension roll. It is the *Commission* which has orig-

inal jurisdiction or power to consider the merits of the application and to decide whether applicant's name shall go on the pension roll. The mere fact that when an application is made to the probate judge instead of to the Commission, the latter sends instructions as to how the examination shall be made and perhaps also sends an oculist to be present at the hearing, does not take from the Commission the power of jurisdiction to consider the merits of the application after the probate judge has acted; nor does the fact that the statute is silent as to what is to be done by the applicant in case the probate judge *refuses* to grant a certificate, create a right to appeal from the probate judge to the circuit court. It is true, the Act is to be liberally construed to effectuate its beneficent purposes, but this does not authorize the adoption of a procedure different from that specified by the statute. It would seem that the presentation of the application to, and the hearing before, the probate judge is in the nature of a mere *preliminary* matter for the convenience of the blind person, who is permitted to make his application there first if he chooses, for the Commission is the body which is to pass on the merits of all applications, even those made to the probate judge; and this being the case, and the statute being silent as to the procedure to be had by the applicant where the probate judge refuses a certificate, the only thing the applicant can do would seem to be to take the matter from there to the Commission itself, that is, by availing himself of the other privilege of applying to the Commission.

The Act makes no provision for an appeal to the circuit court from the action of the probate judge. Nor is there any provision to be found in the general law for an appeal from an act or decision of the probate judge, but only from an order of the probate court.

The only appeal provided by the Act is found in section 9 thereof, and it clearly provides that it is the per-

son who is "aggrieved by the *action of the Commission*" who can appeal, and the appeal is "from its decision," i. e., the decision of the Commission on the merits of the application.

To allow an appeal from the probate judge to the circuit court would not only be a departure from the method provided by the statute but it would take the matter out of the hands of the Commission entirely, allowing it no opportunity to consider the merits of the application, which is exactly what is done in this case if applicant's contention herein be upheld; for here the Commission has not passed on the matter, but after the probate judge refused to grant a certificate the circuit court reverses that ruling and sends the applicant's name to the auditor and to the Commission as one to be placed on the pension roll.

Since there is no authority for an appeal from the probate judge to the circuit court, the latter obtained no jurisdiction or power to render the decision it has made. While the circuit court obtained no jurisdiction of the so-called appeal from the probate court, yet this appeal from the judgment of the circuit court to this court lies under section 1469, Revised Statutes 1919, and gives us jurisdiction to review the validity of the circuit court's ruling. [Dahlin v. Missouri Commission for the Blind, 262 S. W. 420, 421.]

Applicant filed a motion to dismiss the appeal because of certain alleged imperfections in the record as to the bill of exceptions; but we find the same to be without merit. Moreover, the matter herein held to vitiate the judgment is a matter appearing upon the face of the record proper.

The order or judgment of the circuit court is reversed. All concur.